ST. PAUL FIRE & MARINE INSURANCE COMPANY V. MRS. W. E. EARNEST ET AL.

Application No. 15329. Decided June 4, 1927.

(296 S. W., 1088).

1.—Default—Citation Mislaid.

No ground for setting aside a judgment by default for want of an answer is shown by the fact that failure to file same and present a good defense to the suit in time required was due to misplacing of copy of citation by a clerk in the office of defendant's counsel to whom it had been sent to notify him to file answer and make defense. (P. 566).

2.—Rulings Questioned.

The Supreme Court are not prepared to approve the opinions expressed by the Court of Civil Appeals herein on questions of practice, though approving the disposition of the case made by them. (St. Paul F. & M. Ins. Co. v. Earnest, 293 S. W., 677, 684.) (P. 566).

Application to the Supreme Court by St. Paul F. & M. Ins. Co., for writ of error on the affirmation by the Court of Civil Appeals of a judgment against it. (St. Paul F. & M. Ins. Co. v. Earnest, 293 S. W., 677). The Supreme Court explain the grounds of their refusal of writ of error in a memorandum opinion *per curiam.*

*E. G. Senter* and *Bledsoe & Crenshaw,* for petitioner.

The Honorable Court of Civil Appeals erred in holding that a bill of exceptions properly authenticated by the trial judge and containing a statement of all the testimony on the hearing of the motion for a new trial was insufficient to present the question of error in denying such motion, and that such matter could only be presented by a statement of facts. Vick v. Schaff, 260 S. W., 916; Texas & P. Ry. Co. v. Tucker, 183 S. W., 1188; Coalson v. Holmes, 111 Texas, 502; Ayers v. Missouri, K. & T. Ry. Co., 116 S. W., 612.

The Court of Civil Appeals erred in holding that the error of the trial court in overruling a motion for new trial could not be complained of in the appellate court except where the matter was assigned as error in the trial court. Art. 1844, Vernon's Sayles' Rev. Stats.; Bayes v. Stowers Furniture Co., 180 S. W., 149; Dees v. Thompson, 166 S. W., 56.

The court also erred in holding that although the bill of exceptions authenticated by the trial judge set forth the evidence upon the motion for a new trial and contained the recitation that in

the bill was embodied all of the evidence heard by the court on the hearing of the motion for new trial, it would be conclusively presumed that the trial court had evidence before it which justified it in finding that appellant and its counsel were guilty of inexcusable negligence in failing to file its answer in time. Authorities first above cited.

It appearing from the allegations of the motion and the evidence introduced upon its hearing that the appellant had in ample time employed an attorney to represent it in said cause and that the failure to file an answer was due to inadvertence and mistake and to the absence of said attorney from his office, and that appellant had a meritorious defense, the Court of Civil Appeals erred in affirming the action of the trial court in overruling appellant's motion for new trial. Evans v. Terrell, 95 S. W., 684; Robinson v. Collier, 115 S. W., 915; Hall v. McConey, 132 S. W., 618; Lewis v. Van Hooser, 227 S. W., 618.

*Lockhart & Garrard,* for appellees.

In order to set aside a judgment by default the defendant, or appellant, must show that he has a good excuse for not answering or making his defense on the trial. Lawther Grain Company v. Winniford, 249 S. W., 195; Railway v. Kelly, 87 S. W., 660; Holliday v. Holliday, 10 S. W., 690; Foster v. Martin, 20 Texas, 118; Century Digest, Judgments volume 30, Par. 270-271; Paggi v. Rose Mfg. Co., 285 S. W., 852.

In order for the defendant to set aside judgment by default it must appear that he has a meritorious defense. Lawther Grain Company v. Winniford, 249 S. W., 195, and all authorities therein cited; Paggi v. Rose Mfg. Co., 285 S. W., 852.

PER CURIAM:

We think the decision of the Court of Civil Appeals was correct because the motion filed in the trial court was manifestly insufficient to warrant the vacation of the judgment by default.

We are not prepared to concur in the holdings of the Court of Civil Appeals on the questions of practice discussed in the opinion.